In the Matter of the Application of MARIA COLACI, Petitioner, against HENRY E. BRUCKMAN and Others, as Commissioners Constituting the STATE LIQUOR AUTHORITY, Defendants.

Supreme Court, Special Term, New York County, October 13, 1939.

*Daniel E. Fitzpatrick*, for the petitioner.

*Francis V. McHugh, Counsel to State Liquor Authority*, for the respondents.

MILLER, J.  Under section 113 of the Alcoholic Beverage Control Law, the Liquor Authority, where a license for any licensed premises has been revoked, may in its discretion refuse to issue a new license for any part of the licensed premises or of the building containing said premises for a period of two years after the revocation. The petitioner, the owner of the licensed premises, was concededly given notice to show cause, at a hearing to be held, why the license of its lessee should not be revoked and " such other action taken with reference to said license as the Authority may determine," upon charges that the licensee had permitted the licensed premises to be used for immoral, disorderly and illegal purposes.  Petitioner was presumed to know that under the provisions of the Liquor Law the Authority had the right, among other things, to refuse to issue a new license for the premises in question in the event that the license of the then licensee was revoked.  The statute does not provide that the right of the Liquor Authority to refuse to issue a new license for the premises is dependent upon knowledge by the owner of the premises of the licensee's violations of the law.  The situation is somewhat similar to that presented in *Tenement House Department* v. *McDevitt* (215 N. Y. 160), where the Court of Appeals held that a statute making the owner of a tenement house liable to a penalty in the event that the house be used for immoral purposes was enforcible against the owner despite his ignorance of the illegal use, in view of the fact that " the statute does not make his liability dependent upon knowledge or even upon negligence."  So here the statute authorizing the Liquor Authority to refuse to issue a new license for premises occupied by one whose license is revoked does not limit the Authority's power to cases where the owner of the premises knows of the licensee's misconduct.  Petitioner received notice of the hearing and had an opportunity to show cause why the license should not be revoked.  Having failed to show any reason why this action should not be taken, the petitioner possesses no valid grievance against the State Liquor Authority.  The application of the petitioner is denied and the cross-motion to dismiss the petition granted.